

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| EL PASO INDEPENDENT SCHOOL DISTRICT, | § | No. 08-21-00222-CV |
| | § | Appeal from the |
| Appellant, | § | 448th Judicial District Court |
| v. | § | of El Paso County, Texas |
| ANGELICA DE LA ROSA, JESUS BENJAMIN BARRAZA, INDIVIDUALLY, JOINTLY, AND ON BEHALF OF AND NEXT OF KIN OF JESUS BARRAZA, A MINOR CHILD, | § | (TC# 2021DCV2414) |
| Appellees. | | |

**O P I N I O N**

Appellees sued El Paso Independent School District (EPISD) pursuant to the Texas Tort Claims Act (the Act) for injuries sustained by their minor child while at school. We reverse and render.

*Factual and Procedural History*

Appellees are the next of kin of a minor child, Jesus Barraza, who attended Kohlberg Elementary in El Paso. While at school, a ceiling light fell on Barraza, injuring his arm. Appellees sued EPISD alleging premises defect, negligence, gross negligence, and infliction of emotional distress. EPISD filed a plea to the jurisdiction claiming governmental immunity from suit. After a

hearing, the trial court entered an order denying EPISD's plea to the jurisdiction and EPISD now brings this interlocutory appeal. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 51.014(a)(8).

## *Standard of Review*

A plea to the jurisdiction is a dilatory plea challenging the trial court's subject matter jurisdiction. *Hernandez v. Sommers*, 587 S.W.3d 461, 467 (Tex.App.—El Paso 2019, pet ref'd). The purpose of a plea to the jurisdiction is to defeat a cause of action without reaching the merits. *Id.* at 467–68. We review a trial court's ruling on a plea to the jurisdiction de novo. *Id.* (citing *Suarez v. City of Texas City*, 465 S.W.3d 623, 632 (Tex. 2015)). The plaintiff has the burden to allege sufficient facts to establish subject matter jurisdiction—we review the allegations in the pleadings and accept them as true, construing them in the plaintiff's favor. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226–27 (Tex. 2004).

## *Discussion*

Sovereign immunity deprives a trial court of subject matter jurisdiction for lawsuits where the state or certain governmental entities have been sued—unless the state consents to suit. *Miranda*, 113 S.W.3d at 224. The Act provides a limited waiver of sovereign immunity. TEX.CIV.PRAC. & REM.CODE ANN. §§101.001–.109. As relevant to this case, Section 101.021 of the Act waives immunity in the following circumstances:

A governmental unit in the state is liable for:

  (1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

    (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

    (B) the employee would be personally liable to the claimant according to Texas law; and

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unity would, were it a private person, be liable to the claimant according to Texas law.

TEX.CIV.PRAC. & REM.CODE ANN. § 101.021. However, the Act provides a more limited waiver of liability for school districts and provides: "Except as to motor vehicles, this chapter does not apply to a school district or to a junior college district." TEX.CIV.PRAC. & REM.CODE ANN. § 101.051. Accordingly, a school district is immune from tort liability under the Act unless the claimant's injury arises out of the operation or use of a motor vehicle. *See e.g.*, *El Paso Community College District v. Duran*, 510 S.W.3d 539, 541–42 (Tex.App.—El Paso 2015, pet. denied).

Appellees' pleadings allege that a ceiling light fell on Barraza, injuring his arm. Appellees' pleadings do not allege that the personal injury was caused by the use or operation of motor vehicle; therefore, as required by the Act, we must conclude EPISD is immune from suit, and we sustain EPISD's issue. TEX.CIV.PRAC. & REM.CODE ANN. § 101.051.

## **CONCLUSION**

Having sustained EPISD's issue on appeal, we reverse the trial court's order denying EPISD's plea to the jurisdiction and render a judgment dismissing Appellees' claims against EPISD for lack of subject matter jurisdiction.

SANDEE B. MARION, Chief Justice (Ret.)

November 7, 2022

Before Rodriguez, C.J., Alley, J. and Marion, C.J. (Ret.)
Marion, C.J. (Ret.) (Sitting by Assignment)

3